FILED
2018 Aug-07 PM 03:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BOBBY D. PHILIPS,** | } |
| **Plaintiff,** | } |
| v. | } |
| | } Case No.: 2:17-cv-02011-RDP |
| **CENTRAL FINANCIAL CONTROL,** | } |
| **Defendant.** | } |

### MEMORANDUM OPINION

This case is before the court on the Motion for Judgment on the Pleadings. (Doc. # 21). The parties have fully briefed the Motion. (Docs. # 21, 28, 31). For the reasons explained below, the Motion (Doc. # 21) is due to be granted.

**I.  Background**[1]

On July 25, 2016, Plaintiff Bobby D. Philips ("Plaintiff") incurred a medical debt of $150.00. (Doc. # 1 at ¶¶ 6, 8). In attempt to collect the debt, Defendant Central Financial Control ("Defendant") sent Plaintiff a letter on December 6, 2016.[2] (Docs. # 1 at ¶ 8; 1-1). In the letter, Defendant identified itself as a debt collector and also identified information regarding

---

[1] "A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true." *Mays v. U.S. Postal Serv.*, 928 F. Supp. 1552, 1557-58 (M.D. Ala. 1996). Thus, for the purpose of resolving Defendant's Motion to Dismiss under Rule 12(b)(6), the court treats the facts alleged in the Complaint (Doc. # 1) as true.

[2] "The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005) (citing Fed. R. Civ. P. 12(b)). However, a "court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Id.* at 1276. In this case, Plaintiff admitted on the record in the August 7, 2018 hearing that Defendant's letter is both central to Plaintiff's claim and undisputed.

1

the debt, including the facility, account number, patient reference number, date of service, hospital code, message ID, and payment due date. (Docs. # 1 at ¶¶ 9-10; 1-1). The letter states Brookwood Medical Center is the "facility." (Doc. # 1-1). The body of the letter contains the following text:

> This has been sent by a debt collector, Central Financial Control. This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.
>
> Your account(s) has been placed with Central Financial Control for collection of the current balance above.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> For more information on financial assistance, please call 1(888)233-7868 or visit https://www.bookwoodbaptisthealth.com/for-patients/billing-and-insurance-questions.

(*Id.*).

Plaintiff alleges that, although the letter identifies Brookwood Medical Center as the facility, the letter does not "unequivocally identify the current creditor" and "it is unclear who Brookwood Medical Center is and what their relationship is to Brookwood Baptist Health." (Doc. # 1 at ¶¶ 10-11). Plaintiff further alleges that Defendant's letter is in violation of § 1692g(a)(2) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, because "Defendant's collection letter fails to properly inform consumers of the identity of the original creditor." (Doc. # 1 at ¶¶ 12-13, 34-35). On June 13, 2018, Defendant filed a Motion

for Judgment on the Pleadings. (Doc. # 21). The court held a telephonic hearing on the Motion (Doc. # 21) on August 7, 2018. The court evaluates the merits of the parties' arguments, in turn.

## II. Standard of Review

Rule 12(c) of the Federal Rules of Civil Procedure provides that a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). In ruling on a motion for judgment on the pleadings, the court "must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." *Id.*

A Rule 12(c) motion for judgment on the pleadings is analyzed under the same standard as that of a Rule 12(b)(6) motion to dismiss. *Griffin v. SunTrust Bank, Inc.*, 157 F. Supp. 3d 1294, 1295 (N.D. Ga. 2015). Accordingly, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted); *see also Losey v. Warden*, 521 F. App'x 717, 719 (11th Cir. 2013) (applying the plausibility standard articulated in *Iqbal* to an appeal concerning a Rule 12(c) judgment on the pleadings). A complaint states a plausible claim for relief "when [a] plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Although detailed facts are not needed, a plaintiff is obligated to provide more than mere labels and conclusions as grounds for entitlement to relief. *Id.* Formulaic recitations of the elements of a cause of action do not satisfy a plaintiff's burden. *Id.* "While legal conclusions

can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Id.* at 570.

**III.    Discussion**

"Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1301-02 (11th Cir. 2014) (quoting 15 U.S.C. § 1692(e)). Among other regulations, the FDCPA imposes requirements on the content of communications between debt collectors and consumers. *See* 15 U.S.C. § 1692g(a). Specifically, § 1692g(a) provides the following:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

4

> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

In this case, Plaintiff claims that Defendant violated § 1692g(a)(2) because it did not clearly identify Brookwood Medical Center as the creditor in its letter to Plaintiff. (Docs. # 1 at ¶¶ 12-13, 34-35; 28). Defendant counters that this action is due to be dismissed because the letter clearly conveys that Plaintiff's medical debt is owed to Brookwood Medical Center. (Doc. # 22). Both parties agree that the least sophisticated consumer standard applies to Plaintiff's § 1692g(a)(2) claim.[3] (Docs. # 22 at p. 5-7; 28 at p. 9-11). As such, in resolving this pending motion, the court asks whether the least sophisticated consumer would be confused by Defendant's letter to Plaintiff. *See Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014) ("The inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is whether the 'least sophisticated consumer' would have been deceived by the debt collector's conduct.") (internal quotation marks omitted).

"The 'least-sophisticated consumer' standard takes into account that consumer-protection laws are 'not made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous.'" *Id.* at 1258-59 (quoting *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-73 (11th Cir. 1985)). "'The least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *LeBlanc v. Unifund CCR Partners*,

---

[3] The court notes that the Eleventh Circuit has not ruled on the appropriate standard for claims brought under § 1692g; however, it has applied the least sophisticated consumer standard to other sections of the FDCPA, such as § 1692e and § 1692f. *See Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258-59 (11th Cir. 2014). In an unpublished case, the Eleventh Circuit has stated (apparently in dictum) that it "see[s] no reason to disagree with the[] other circuits" that have extended the least sophisticated consumer standard to § 1692g. *Leonard v. Zwicker & Assocs., P.C.*, 713 F. App'x 879, 882 (11th Cir. 2017).

5

601 F.3d 1185, 1194 (11th Cir. 2010) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2nd Cir. 1993)) (internal quotation marks omitted). Additionally, "the test has an objective component in that '[w]hile protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness . . . ." *Id.* (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996). Generally, the question of whether the least sophisticated consumer would construe conduct to be deceptive is one for the jury; however, the question of whether a plaintiff has alleged sufficient facts to state a claim pursuant to § 1692g is a legal issue for the court to decide. *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1307 n.11 (11th Cir. 2015)

Section 1692g(a)(2) of the FDCPA requires a debt collector to include "the name of the creditor to whom the debt is owed" in the debt collector's notice to a consumer. 15 U.S.C. § 1692g(a)(2). The statute does not specify how a creditor must provide "the name of the creditor" to the consumer. *See Leonard*, 713 F. App'x at 883 ("The FDCPA does not state how a creditor must be named in order to comply with § 1692g . . . ."); *Lait v. Med. Data Sys., Inc.*, No. 1:17-CV-378-WKW, 2018 WL 1990513, at *4 (M.D. Ala. Apr. 26, 2018), *reconsideration denied*, No. 1:17-CV-378-WKW, 2018 WL 1973269 (M.D. Ala. Apr. 26, 2018), *appeal docketed*, No. 18-12255 (11th Cir. May 25, 2018) ("Though the statute defines the term 'creditor,' *see* [15 U.S.C.] § 1692a(4), it does not provide any guidance about what suffices in providing 'the name of the creditor' to a debtor."). In an unpublished opinion, the Eleventh Circuit has provided the following guidance regarding what suffices in providing "the name of the creditor":

> "To satisfy § 1692g(a), the debt collector's notice must state the required information clearly enough that the recipient is likely to understand it." *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016); *Russell v. Equifax A.R.S.*, 74 F.3d

6

> 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer—Congress intended that such notice be clearly conveyed."). In other words, the notice should be clear enough that a naïve consumer comes away from the notice understanding the "identity of the creditor." *See Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012).

*Leonard*, 713 F. App'x at 882-83.

Plaintiff contends that Defendant's letter does not meet the least sophisticated consumer standard because it fails to identify whether the named "facility" is the current creditor. (Doc. # 28). He further asserts that "creditor" and "facility" are not interchangeable terms. (Doc. # 28 at p. 13). However, the plain language of § 1692g(a)(2) does not require the debt collector to specifically use the word "creditor" within a notice to a consumer; rather, it requires the debt collector to include the "name of the creditor." *See* 15 U.S.C. § 1692g(a)(2) ("[A] debt collector shall . . . send the consumer a written notice containing [] the name of the creditor to whom the debt is owed."). Accordingly, a debt collector need not use the terms "creditor" or "a person or firm to whom money as due" (as Plaintiff argues) to identify the creditor, if the creditor is otherwise apparent. *See Nyasimi v. Durham & Durham, LLP*, No. 1:17-CV-1249-AT-LTW, 2017 WL 8221399, at *4 (N.D. Ga. Nov. 17, 2017), *report and recommendation adopted*, No. 1:17-CV-1249-AT, 2017 WL 8222330 (N.D. Ga. Dec. 6, 2017) (noting that "courts have generally held that debt collectors may convey the identity of the creditor implicitly under Section 1692g" and citing cases doing so); *Ali v. Pendergast & Assocs., P.C.*, No. 1:12-CV-02983-RWS-GGB, 2014 WL 11788874, at *18 (N.D. Ga. June 2, 2014), *report and recommendation adopted*, No. 1:12-CV-02983-RWS, 2014 WL 11930613 (N.D. Ga. July 1, 2014) ("Courts have held that collection notices are not deceptive simply because certain essential information is conveyed implicitly rather than explicitly.").

Plaintiff's argument that the term "facility" does not sufficiently name the creditor has recently been presented to two different district courts in this circuit, but has failed. *See Carpenter v. Syndicated Office Sys.*, No. 16-81899-CIV-MARRA, 2018 U.S. Dist. LEXIS 127469, at \*4-\*5 (S.D. Fla. July 13, 2018) ("Although the letter does not specifically state verbatim that Palm Beach Gardens Medical Center is the creditor to whom the debt is owed, even the least sophisticated consumer would understand that from the letter. Along with identifying the 'collection agency, Central Financial Control,' and stating that the letter is 'an attempt to collect a debt,' the CFC Letter lists 'Palm Beach Gardens Medical Center' as the 'Facility.'"); *Lait*, 2018 WL 1990513, at \*5 ("Although the letter did not come right out and say 'the name of the creditor to whom the debt is owed is Medical Center Enterprise,' it expressly noted that the letter 'is an attempt to collect a debt,' identified Medical Revenue Service as the collection agency/debt collector, explained that the account indicated below the text was placed with the agency for collection, and then listed Medical Center Enterprise as the 'Facility Name' that corresponded to the delinquent account."). This court agrees with the *Carpenter* and *Lait* courts and finds that a debt collector's letter to a consumer is not necessarily required to identify whether the named "facility" is the creditor in order to be in compliance with 15 U.S.C. § 1692g(a)(2). *See Carpenter*, 2018 U.S. Dist. LEXIS 127469, at \*5 ("When the reference to Palm Beach Gardens Medical Center as the 'Facility' is read in the context of the [defendant debt collector's] Letter as a whole, it is not plausible that a consumer would be confused about the identity of the creditor."); *Lait*, 2018 WL 1990513, at \*5 ("It is hard to imagine to whom the least sophisticated consumer would think he owes money if not Medical Center Enterprise [the named "Facility" in the letter]—particularly since it was the consumer himself who personally

incurred the medical debt at Medical Center Enterprise (the name of the hospital) and whose name was listed on that account.").

At oral argument, Plaintiff asserted that his argument is consistent with the court's ruling in *Lait*. The court disagrees. Plaintiff actually urges the court to look toward a handful of cases decided outside of this circuit and primarily focuses on the following cases: *Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482 (E.D.N.Y. 2013); *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15-CV-4356-SJF-ARL, 2016 WL 6069180 (E.D.N.Y. Oct. 17, 2016); and *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549-ADS-AKT, 2016 WL 4148330 (E.D.N.Y. Aug. 4, 2016), *motion for relief from judgment denied*, No. 15-CV-3549-ADS-AKT, 2017 WL 59085 (E.D.N.Y. Jan. 4, 2017). (Doc. # 28 at p. 15-18). And, the court notes, Plaintiff claimed in briefing that "*Lait* was wrongly decided in light of opposing case law from across the nation" and this court "should choose to ignore this outlier case." (Doc. # 28 at p. 19). Plaintiff's arguments falter for at least three reasons. First, cases decided by courts within this circuit are more persuasive to this court than cases decided by district courts outside of this circuit. Second, Chief Judge Watkins's ruling in *Lait* is not contrary to "opposing case law from across the nation" as Plaintiff contends. Rather, it is based on a thorough interpretation of the least sophisticated consumer standard as applied to 15 U.S.C. § 1692g(a)(2) and the careful application of case law from both the Eleventh Circuit along with other persuasive sources. *See generally Lait*, 2018 WL 1990513. Third, as noted in *Lait*, the three cases upon which Plaintiff heavily relies (both in this case and in the *Lait* case) "have not been uniformly accepted." *Id.* at * 6. Furthermore, "other courts have held contrariwise in similar circumstances." *Id.* (citing cases with rulings contrary to *Lee*, *McGinty*, and *Datiz*).

Plaintiff has also attempted to distinguish *Lait*, but those efforts are unavailing. He points to the fact that the letter in *Lait* contained the creditor identification information after the introduction by the debt collector, the debt collector's indication that the account had been placed with it for collection, and the debt collector's statement that the letter was from a debt collector. *Lait*, 2018 WL 1990513, at * 6. In this case, on the other hand, the creditor identification information (*e.g.*, "Brookwood Medical Center") is located at the top of the letter. (*See* Doc. # 1-1). However, after Defendant identified that the letter had "been sent by a debt collector" and was "an attempt to collect a debt by a debt collector," Defendant's letter directs Plaintiff to look to the top of the letter for the creditor information. (*See* Doc. # 1-1). Specifically, the correspondence states that Plaintiff's account "has been placed with Central Financial Control for collection of the current balance *above*" (emphasis added), thereby referencing Plaintiff to the facility, account number, patient reference number, date(s) of service, hospital code, message ID, payment due date, and current balance listed at the top of the letter. (*Id.*). Requiring Defendant to state the same information that is included at the top of the letter, when Defendant already directs Plaintiff to the "above" account information, would not only invite redundancy but also would ignore the Eleventh Circuit's statement that the least sophisticated consumer "can be presumed to possess . . . a willingness to read a collection notice with some care." *LeBlanc*, 601 F.3d at 1194.

Here, applying the least sophisticated consumer standard, the court finds that Defendant's letter adequately names the creditor to whom Plaintiff's debt is owed. *See Carpenter*, 2018 U.S. Dist. LEXIS 127469; *Lait*, 2018 WL 1990513. The letter identifies Defendant as a debt collector, states that the letter is "an attempt to collect a debt," explains that Plaintiff's account was placed with Defendant for collection, labels Brookwood Medical Center as the "Facility,"

and includes the date of service and account number, among other information. (Doc. # 1-1). "It is hard to imagine to whom the least sophisticated consumer would think he owes money if not [Brookwood Medical Center]—particularly since it was the consumer himself who personally incurred the medical debt at [Brookwood Medical Center] (the name of the hospital) . . . ." *Lait*, 2018 WL 1990513, at *5. Furthermore, "[t]he least sophisticated consumer does not start each day anew with no memory of the last; instead, he has a 'reasonable knowledge of h[is] account's history.'" *Id.* (quoting *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009)). Reading the letter as a whole and acknowledging that the least sophisticated consumer "is expected to have some recollection of past events related to [his] debt," the court finds that the least sophisticated consumer would understand Brookwood Medical Center to be the creditor related to Defendant's letter. *See id.* A holding otherwise would run contrary to the "bizarre or idiosyncratic interpretations of collection notices" that the Eleventh Circuit has previously warned us against. *See LeBlanc*, 601 F.3d at 1194.

Plaintiff also argues that the website link included in Defendant's letter creates confusion because "brookwoodbaptisthealth" is embedded in the link. (Doc. # 28 at p. 14). This argument also misses the mark for at least four reasons. First, Defendant's letter states that Plaintiff's account "has been placed with Central Financial Control for collection of the current balance *above*" (emphasis added), which references Plaintiff to the facility (Brookwood Medical Center), account number, patient reference number, date(s) of service, hospital code, message ID, payment due date, and current balance listed in the top right corner of the letter. (Doc. # 1-1). Brookwood Medical Center is the only other entity referenced in the letter besides Defendant; therefore, the least sophisticated consumer would understand that Brookwood Medical Center is referenced as the creditor. (*See id.*). Second, the website link and text surrounding the link in no

way indicate that Brookwood Baptist Health is the creditor. (*See* Doc. # 1-1). Instead, Plaintiff is referred to the link "[f]or more information on *financial assistance*." (*Id.*) (emphasis added). Third, in the letter Plaintiff was invited to open the link which leads to a website. (*See id.*). The website makes clear exactly who the creditor is, even to the least sophisticated consumer, because it explains that Brookwood Medical Center merged with Baptist Health System resulting in a "new community of care: Brookwood Baptist Health." (Doc. # 22 at p. 12 n.2). Of course, the court need not consider the content of the website because, as explained above, the least sophisticated consumer reading Defendant's letter would understand that Brookwood Medical Center was the creditor based on the letter itself and without visiting the listed website. But the link leads to information that confirms that Brookwood Medical Center is the creditor. Finally, Plaintiff personally incurred the debt to Brookwood Medical Center on June 25, 2016 and "the least sophisticated consumer brings [his] prior knowledge with [him] when reading debt communications." *See Lait*, 2018 WL 1990513, at *5.

Because it is not plausible that the least sophisticated consumer would be confused by the identity of the creditor in Defendant's letter, Plaintiff has not stated a plausible claim under 15 U.S.C. § 1692g(a)(2), and Defendant's Motion for Judgment on the Pleadings (Doc. # 21) is due to be granted.

## IV. Conclusion

For the reasons asserted herein, Defendant's Motion for Judgment on the Pleadings (Doc. # 21) is due to be granted. A separate Order consistent with this Memorandum Opinion will be contemporaneously entered.

**DONE** and **ORDERED** this August 7, 2018.

                                                _____
                                                **R. DAVID PROCTOR**
                                                UNITED STATES DISTRICT JUDGE